Judge Mills
delivered the opinion of the Court.
[Absent Chief Justice Biel.]
In one of these suits, Cates the appellant set up, In his bill, a county court certificate in the name of Allin Hargus, a patent thereon to John Adams, and a conveyance to himself of 400 acres.
In tho second case, Cates set tip an entry on a certificate of 400 acres, in the name of Benjamin Cotton, a patent thereon to James H. McGlaughlin, and a conveyance to himself:—both against George Loftus, who held under a like certificate of 400 acres and a junior grant.
Loftus in bis answer, asserts the validity of his own claim and illegality of his adversary's titles.
In an amended answer, in each case, he alleges that Cates had set up the same matters of complaint, and he the same defence, in a suit in chancery, wherein Thomas Raleigh was complainant, and said Cates and others were defendants, in which Cates had interpleaded him, and he relies on these proceedings in abatement to these bills.
Common law pleas of former recovery offered to bills in equity.-
—Objected to, but admitted!!—
—Replication of nul tiel record—
—Trial by the judge, and bill dismissed!
Difference between the pleadings in the common law courts and in equity, and remarks on the misapplication of them in our courts.
Some time afterwards, bis counsel came in e&cu case, with pleas drawn out in all the technical formalities of a plea at common law, and concluding with a verification, alleging in substance, that Thos. Raleigh liad filed in the same court theretofore, his bill m chancery, against the said Cates and others; that Cates in his answer had impleaded the said Loftus, and made him defendant to his answer, and therein fimade his allegations and charges against him, Loftus, for the same matters, to the same effect, and for the like relief and purpose” as he now did in his bill. To which allegations he, Loftus, then answered; and that at the last term of the court, said cause of Raleigh against Cates and others was tried land by the consideration and judgment” of this court, he the defendant did recover against said Cafes “all the title to the land adjudged to be in the defendant” and likewise his costs, which judgment” remained in full force, unreversed and not satisfied.
These pleas were not sworn to, and the counsel for Cates objected to them as insufficient, and because they were not verified by oath, the court overruled the objection, permitted them to be filed, and ruled the complainant’s counsel to reply thereto. He excepted to the opinion, and then replied, in legal form nul teil record. The defendant replied there was such record. The court proceeded to try this issue, and found there was such record, as in the pleas alleged, and dismissed the bills of Cates with costs. From these decrees, if such they can be called, Cates has appealed.
These proceedings are sufficient to raise a smile on the face of the adept in legal science, or to cause him to wonder at the strange metamorphosis that those causes have undergone, from their commencement to their close; by being begun in chancery, and terminated by the legal scenes of a court of common law, in which the counsel for the defendant entered with his plea, sketched from some form book of legal pleading, and the counsel for the complainant equally well played his part, and sustained bis character of a common lawyer, and replied nul tiel record. And the court followed with *441 the epilogue of a formal trial of an issue and judgment on this plea: ail seeming for the moment to forget the characters, respectively, of and solicitors conducting the equitable contests of the litigants. Such a scene must find its best apology, in the fact of the chancellor here sustaining also the different character of the common law judge* and the lawyers that of counsel in both courts, and in the fashionable practice which is proved by the. numerous records of this court, to have grown up of using the same forms convertibly .in the. entries and proceedings of suits at common law, and in chancery. It is now not unusual to see the formal entry of a judgment at law for a decree in chancery;, This court is sometimes compelled to wink hard at these proceedings, recollecting the hardship of causing the unskillful acts of the legal agents to operate to the prejudice of the innocent parties whose rights are involved in them.
Plea of former recovery to a bill quia limet must shew that the same subject matter and the right to the same land was before decided upon.
Such matter may be pleaded in the chancery (not the common law) form or maybe relied on in equity, but —in either there must be an affidavit.
Allegations and proofs as to the possession.
If we were really to consider these pleas as pleas of ¿ former recovery, in a suit at law, we could hot sustain them as valid; and conceive that they might have been met by a demurrer, more properly than with the plea of nul teil record. They are insufficient to shew that the same subject matter, or same points, were in issue in the former cause, or that the recovery of Loftus was a recovery of the same laud now hi contest, and for this reason the pleas ought not to have been admitted.
To this may he added that such matter ought to he relied on by way of answer, or pleaded in the form of a plea in chancery; and in either case ought to be verified by oath. For although the most of the facts, are verified by the record, yet one important fact, to wit; that the land recovered is the same; and by the same equity, required the oath of the party tendering the plea. The decision of the court admitting these pleas, is, therefore, deemed erroneous.
Another point against the appellant has been relied on which is worthy of notice, as it may save future embarrassment in the cause He alleges in *442 his bills that he has possession of the land; but it is to be inferred that it is by extending his possession to his entire boundary; that he has a large connection of adjoining claims, which he has, from time to time, acquired by locating himself, and by purchases from others; and in different parts of them he has improvements made, which beholds by leases to others, by actual cultivation himself at other points, but no improvements within the particular patents now set up in his bills, and with this state of facts, his proof agrees. It is, therefore, insisted that in that situation, be could not sustain his bill, for any one of those claims, on which his improvements were not situated, and that the dismissing his bill, was consequently no prejudice to him.
If there is no equity in the bill, there can be no error in the dismissal.
Where one in possession of a tract of land purchaed an adjoining tract, he shall be presumed to have extended his possession over it.
Bills quia timet for one in possion, were before the statute.
We would readily concede that if he has shewn no case which would authorize the interposition of a court of equity, be ought not to avail himself of any error, in dismissing his bill. But this is not the fact.
This court, in cases of actual possession, coupled with title, has never confined it to the actual close; but has extended it to the marked boundary, and where the whole tract is composed of more than one patent, still this extension has been allowed to reach over the whole. An entry into one, with an intention of taking possession of the whole, has been held a sufficient entry into the whole; and from the same principles it would follow, that any one possessing a certain tract, and acquiring another adjoining, shall be presumed to have extended and enlarged his possession to the part so acquired. If this is not the case, what remedy could he have, to remove claims and embarrassments from the part annexed.
Bills quia timet Were well known to the jurisdiction of the chancellor before the passage of the act of assembly, allowing persons holding the legal title and possession, to try the merits of conflicting claims. This is the class of hills alluded to in the act; and there is some plausibility in saying that the act did not enlarge the jurisdiction of the chancellor.
One who purchases a tract of land adjoining the tract in his possession, may maintain his bill quia timet, under the statute, against an adversary claimant to his new acquisition.
Crittenden for Cates; Mayes and Triplett for defendant.
When the nature of our conflicting titles, whether derived from the Jaws of Virginia or of this state, are considered, there is an apparent necessity permitting the holder of the legal estate to call his adversary to the test, when it cannot be otherwise reached. The act ought to be liberally expounded as a remedial statute; and thus construed, we cannot doubt that it embraces the case of the complainant here, and furnishes him with a remedy to extinguish the title of Loftus, if it is invalid.
The decrees must, severally, he reversed, with Costs, and each of the causes be remanded, for new proceedings, not inconsistent with this opinion, to commence with setting aside the pleas of the defendant.